```
D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA RAIS, #311731
lrais@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Petitioning Creditors,
CREATIVE ART PARTNERS, LLC
MARTIN SIMONE
FRANK & SIMONE, LLP
MACOY CAPITAL MORTGAGE, LLC
ALLSTATE LENDING GROUP, INC.
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>CHANTILLY ROAD, LLC,<br><br>Alleged Debtor. | Case No. 8:25-bk-11409-SC<br><br>Chapter 7<br><br>PETITIONING CREDITORS' STATUS REPORT<br><br><u>Hearing</u>:<br>Date:   July 15, 2025<br>Time:  11:00 a.m.<br>Ctrm:  5C<br>Place:  411 W. 4th Street<br>            Santa Ana, California 92701 |

TO THE HON. SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND INTERESTED PARTIES:

Petitioning Creditors, Creative Art Partners, LLC, Martin Simone, Frank & Simone LLP, Macoy Capital Mortgage, LLC, and Allstate Lending Group, Inc. (collectively, "Petitioning Creditors" or "Creditors"), submit this status report ("Status Report") outlining (1) the conduct between the Alleged Debtor and CSRPF 2, a creditor of the estate which has requested relief from the automatic stay, (2) the previous Chapter 11 bankruptcy case related to the Alleged Debtor, and

1

(3) the steps the Petitioning Creditors are planning on taking to ensure the creditors of this bankruptcy estate are adequately protected.

## 1. Corporate Formation of Debtor, Chantilly Road, LLC, and its Acquisition of the Bel Air Property

On or about March 12, 2018, Chantilly was organized as a limited liability company for the purpose of acquiring and developing the property commonly known as 1116 Chantilly Road, Los Angeles, CA 90077 ("Property"). The Property is located in the exclusive Bel Air neighborhood. At that time, the Property was an empty lot. It has now been developed into an 18,500 sq. ft. luxurious mansion which received its certificate of occupancy in June 2024.[1]

Chantilly was owned by Leviathan and managed by The Kraken, LLC.

Leviathan LLC ("Leviathan") was formed by the Rudomin family to develop real estate. Leviathan's operating agreement identified that it was managed by The Kraken, LLC ("The Kraken"). Leviathan's operating agreement identified the following membership interests: (a) Adrian Rudomin ("Adrian") 37%, (b) Diego Rudomin ("Diego") 37%, (c) Pablo Rudomin ("Pablo") 12.5%, (d) Isaac Rudomin[2] 12.5%, and (e) The Kraken, LLC 1%.

To manage Leviathan, the Rudomin family created The Kraken, LLC. Adrian is the manager of The Kraken.

There are at least two deeds of trust recorded against the Property. The first is held by Banc of California. The second is held by CSPRF 2.

Development of the Property is complete but is ready to be sold.

## 2. CSPRF 2's Loan to Chantilly

While developing the Property, Chantilly faced significant delays and cost increases, which led it to seek out additional funding.

In November 2023, Capstack Partners LLC ("Capstack") agreed to loan Chantilly $2,350,000 ("Loan"). The Note was guaranteed by the Rudomins and their entities.

---

[1] Videos and photos of the property are readily available online:
https://youtu.be/n9xWmwaNF9s?si=SLZVnJmZDHzGx3Ab
https://maltzauctions.com/auction/indirect-interest-1116-chantilly-rd-los-angeles/

[2] Collectively with Adrian Rudomin, Diego Rudomin, and Pablo Rudomin are referred to as the "Guarantors."

The funds for the Loan were provided by CSPRF 2, an affiliate of Capstack.

The Loan was secured by a second-in-priority Deed of Trust recorded against the Property. The Guarantors including the Kraken also pledged their membership interests in Leviathan (which owned Chantilly).

CSPRF 2 alleges that on or about August 1, 2024, the day the loan matured, Chantilly defaulted.

On August 2, 2024, CSRPF 2 recorded a notice of default to begin the foreclosure process.

On August 20, 2024, CSRPF 2 alleges that it issued (1) a notice of sale, announcing that a public sale of the Guarantors' and the Kraken's membership interests in Leviathan would be conducted by online bidding on October 4, 2024, at 2:30 pm, and (2) a notification of disposition of collateral to the Guarantors and the Kraken that their membership interests in Leviathan would be auctioned.

Beginning October 2, 2024, Chantilly executed four forbearance agreements ("Forbearance Agreements"), extending the auction to December 4, 2024. In exchange, Chantilly was required to pay, and did pay, CSRPF 2, $442,670 – an amount equal to 11 months of regular payments.

CSPRF 2 alleges that its auction was conducted on December 4, 2024. CSPRF 2 submitted a credit bid in the amount of $1,000, which was the winning bid. As a result, CSPRF 2 contends that it purchased all of the Guarantors' and the Kraken's membership interests in Leviathan (which gave it ownership and control of Chantilly).

Immediately after the auction, CSRPF 2 contends that it amended Leviathan's operating agreement to identify CSRPF 2 as the sole member of Leviathan with David Blatt being named the manager Leviathan.

After CSPRF 2 took control of Chantilly, it has not caused Chantilly to pay its debts owed to other creditors.

**3.    Chantilly's Previous Chapter 11 Case**

On December 15, 2024, a voluntary petition under Chapter 11 of Title 11 of the United States Code was filed by the Rudomins on behalf of Chantilly, initiating case no. 8:24-bk-13197-TA ("Chapter 11 Case").

3

1    In its Schedules, Chantilly listed the value of the Property as $28,060,000. *See* Dk. No. 1.

2    On January 14, 2025, as Dk. No. 29, CSPRF 2, filed a motion to dismiss the Chapter 11 Case
3 ("Motion to Dismiss"), alleging that proper authorization was not provided for the filing of the case
4 since it now owned and controlled Chantilly.

5    On February 19, 2025, as Dk. No. 74, Chantilly filed an Opposition to the Motion to Dismiss
6 ("Opposition"), arguing that, among other things, the terms of the Loan and Forbearance
7 Agreements were usurious under California law, and that the sale of the Guarantors' and The
8 Kraken's membership interests was invalid.

9    On February 26, 2025, as Dk. No. 76, Creditors filed a Joinder to the Opposition, arguing
10 that dismissal of the case would result in CSRPF 2 foreclosing on the Property, Chantilly's only
11 asset, to the sole benefit of CSRPF 2 and to the irreparable detriment to Chantilly's bankruptcy
12 estate and creditors.

13    On May 12, 2025, the Chapter 11 Case was reassigned from the Hon. Theodor C. Albert to
14 the Hon. Scott C. Clarkson. *See* Dk. No. 116.

15    On May 19, 2025, as Dk. No. 119, the Court entered an order dismissing the Chapter 11
16 Case. No hearing was held prior to entry of the dismissal.

## 4. The Current Involuntary Bankruptcy Case

18    On May 25, 2025, the Petitioning Creditors filed an involuntary petition under Chapter 7 of
19 Title 11 of the United States Code against Chantilly, initiating Case No. 8:25-bk-11409-SC.
20 Chantilly appears to be a single asset real estate debtor. As such, unless relief from stay is granted
21 sooner, the automatic stay will expire on the later of 30 days after the court determines it is a SARE
22 or 90 days after entry of an order for relief.

23    On June 20, 2025, as Dk. Nos. 7 and 8, CSPRF 2 filed a Motion for Relief from the
24 Automatic Stay, requesting a hearing on shortened notice ("RFS"). A hearing has not yet been set on
25 the RFS.

26    In its Motion for RFS, CSPRF 2 contends that the Property is worth only $21 million and
27 that the 1st is owed approximately $17,600,000 and that its 2nd secures a claim of approximately
28 $3,377,000. As such, CSPRF 2 contends that the 1st and the 2nd exhaust all equity in the Property

4

before considering the 3rd deed of trust which secures an approximate $2.5 million claim. In other words, CSPRF 2 takes the position that Chantilly is insolvent.

Under California law, the members of an LLC owe fiduciary duties to creditors "to the avoidance of actions that divert, dissipate, or unduly risk corporate assets that might otherwise be used to pay creditors claims. This would include acts that involve self-dealing or the preferential treatment of creditors." *Berg & Berg Enters., LLC v. Boyle*, 178 Cal. App. 4th 1020, 100 Cal. Rptr. 3d 875 (2009). *Dollar Tree Stores Inc. v. Toyama Partners LLC*, No. C 10-0325 SI, 2011 U.S. Dist. LEXIS 83873 (N.D. Cal. Aug. 1, 2011) [applying *Berg* to an LLC].

Rather than discharging its fiduciary duty to attempt to sell the Property for the benefit of Chantilly's creditors, CSPRF 2 instead has sought dismissal of the prior bankruptcy case and now relief from stay in this case. If allowed to foreclose, no creditors will receive any distributions on account of their claims. The Petitioning Creditors have sent written demands for payment to CSPRF 2's counsel. It has rejected these requests.

On June 23, 2025, as Dk. No. 9, Chantilly filed its Answer to the Involuntary Petition denying the allegations that an order for relief should be entered. It could not be more wrong. Given that CSPRF 2's intent is clear to foreclose and not take any steps to try to pay creditors, an interim trustee must be appointed to preserve the estate's interest in the Property. Only a neutral trustee can be trusted to market the Property for sale and to evaluate whether CSPRF 2's claim should be disputed as usurious, avoided as constructively fraudulent, or subordinated.[3] The Rudomins already have litigation pending alleging claims for usury.

Although a creditor acting in its own best interests would typically not be an issue, the circumstances here are different. CSRPF 2 has positioned itself as both a secured creditor of the estate and as the insider in control of the Alleged Debtor. *See* Bankruptcy Case No. 8:24-bk-13197, proof of claim 22-1; Motion to Dismiss.

---

[3] Given that CSPRF 2 only made the loan in exchange for the members of Chantilly pledging their interests in the debtor, the claim arises out of and relates to its the purchase or acquisition of the debtor's membership interests. As such, it may be subject to subordination under 11 U.S.C. § 510(b). If subordinated, then the lien that secures the subordinated claim must be transferred to the estate under 11 U.S.C. § 510(c)(2).

1   Based on the conduct of CSRPF 2 and Capstack, the Petitioning Creditors believe that it is in
2 the best interests of the Estate that an interim trustee, as a neutral party, be immediately appointed to
3 preserve Chantilly's only asset (which CSPRF 2 seeks to foreclose). If appointed, a Trustee can
4 evaluate whether the Property can be sold for an amount that would benefit the Estate. Because
5 CSPRF 2 has a conflict of interest in seeking to foreclose the Estate's only asset to the detriment of
6 all creditors, a Trustee is the only safeguard to protecting the interests of creditors. A Trustee can
7 also evaluate claims for breach of fiduciary duty based on CSPRF 2's actions in ignoring creditor
8 claims and seeking to foreclose the debtor's only asset for its exclusive benefit.

9   The Petitioning Creditors intend to file a motion for appoint of an interim trustee under 11
10 U.S.C. § 303(g) to protect the interests of all creditors of the Estate. The Petitioning Creditors
11 respectfully request that any hearing set on CSPRF 2's motion for relief from stay be scheduled
12 concurrently.

14 DATED: July 1, 2025                    MARSHACK HAYS WOOD LLP

16                                        By: */s/ D. Edward Hays*
                                              D. EDWARD HAYS
17                                            Attorneys for Petitioning Creditors,
                                              CREATIVE ART PARTNERS, LLC
18                                            MARTIN SIMONE
                                              FRANK & SIMONE, LLP
19                                            MACOY CAPITAL MORTGAGE, LLC
                                              ALLSTATE LENDING GROUP, INC.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **PETITIONING CREDITORS' STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 1, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **July 1, 2025**, I delivered the document(s) described above via email to Omni Agent Solutions, Trustee's claims and noticing agent, for service on the interested persons and/or entities at the last known addresses by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid and addressed per the adversary mail matrix. Upon completion of the mailing by Omni Agent Solutions, Trustee will file a Certificate of Service listing the parties served by Omni Agent Solutions at the address at which they were addressed.

**DEBTOR –**
CHANTILLY ROAD, LLC
c/o PENNY M. FOX, CPA
15615 ALTON PARKWAY, SUITE 450
IRVINE, CA 92618

**DEBTOR -**
CHANTILLY ROAD, LLC
1207 DELAWARE AVE., STE. 2992
WILMINGTON, DE 19806

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 1, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
PRESIDING JUDGE'S COPY
Honorable Scott C. Clarkson
Bin beside 5th Floor Elevators
U.S. Bankruptcy Court, Ronald Reagan Federal Building
411 West Fourth Street
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 1, 2025 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                              **F 9013-3.1.PROOF.SERVICE**

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **ATTORNEY FOR PETITIONING CREDITORS: D Edward Hays**   ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CSPRF 2 LLC: Gabriel P Herrera**   gherrera@kmtg.com, bxiong@kmtg.com
- **INTERESTED PARTY: Harris M Madnick**   hmmadnick@kramarmadnick.com
- **ATTORNEY FOR CHANTILLY ROAD, LLC: Richard Morin**   legal@rickmorin.net
- **ATTORNEY FOR PETITIONING CREDITORS: Laila Rais**   lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **OFFICE OF THE UNITED STATES TRUSTEE: United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

4896-3233-7746, v. 1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**