

**FILED & ENTERED**

**JUL 17 2025**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bolte    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Chantilly Road, LLC,<br><br>Debtor(s). | Case No.: 8:25-bk-11409-SC<br>CHAPTER 7<br>**ORDER SUA SPONTE ABSTAINING AND DISMISSING INVOLUNTARY PETITION**<br><br>Date:      July 15, 2025<br>Time:     11:00 AM<br>Courtroom: 5C |

On July 15, 2025, the Court conducted a status conference on the involuntary petition filed May 25, 2025. Appearances are as noted in the record.

Having fully considered the docket as a whole, as well as the docket in the related Chapter 11 case, 8:24-bk-13197-TA, the oral arguments at the July 15, 2025 hearing, and for the reasons set forth on the record and discussed below, the Court finds that the relevant factors weigh in favor of this Court exercising its discretion to ABSTAIN from this proceeding and hereby DISMISSES the involuntary petition.

**Introductory Statement**

Consideration of the Abstention Doctrine has sometimes caused courts to analyze whether they are frivolously abdicating their role and jurisdiction in bankruptcy cases. *See, e.g., In re Nina Merchandise Corp.*, 5 B.R. 743 (J. Burton R. Lifland, Bank. S.D.N.Y. 1980). This Court undertakes its duties of exercising jurisdiction in a very serious manner, and it is quite cognizant of the long, winding, and significant Bankruptcy Code jurisdictional road, from the passage of the Bankruptcy Code in 1978 (11 U.S. Code § 101, et seq.), to *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982), to *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), to *Stern v. Marshall*, 564 U.S. 462 (2011). But a simple application of the abstention factors in this case assuages the Court of these concerns.

**Background[1]**

This involuntary proceeding was commenced against the alleged debtor, Chantilly Road, LLC ("Alleged Debtor" or "Chantilly") on May 25, 2025 by Petitioning Creditors, Creative Art Partners, LLC, Martin Simone, Frank & Simone LLP, Macoy Capital Mortgage, LLC, and Allstate Lending Group, Inc. (collectively, "Petitioning Creditors"). The Alleged Debtor filed an Answer on June 23, 2025 [Dk. 9]. The discussion at the status conference revealed that Chantilly was is owned by Leviathan LLC ("Leviathan") and managed by The Kraken, LLC. David Blatt is the manager of both Leviathan and The Kraken, LLC.

The case was commenced days after the May 19, 2025 dismissal of Chantilly's prior Chapter 11 case, 8:24-bk-13197-TA. In the Chapter 11 case, when faced with a corporate ownership dispute, the Court abstained and dismissed the Chapter 11 proceeding. *See* order entered May 19, 2025 as Dk. 119 in Case No. 8:24-bk-13197-TA. The Chapter 11 case was filed by a different faction, represented by Adrian Rudomin, asserting ownership of Chantilly. At the hearing, CSPRF 2, LLC's counsel

---

[1] The information set forth in this section is obtained from the Court's review of the entirety of the docket in this case, as well as that in the prior Chapter 11 case and from the representations made on the record at the July 15, 2025 status conference.

represented that there exists a pending state court proceeding between Mr. Rudomin and CSPRF 2, LLC, with involvement by a couple of the petitioning creditors.

At its core, the dispute surrounds luxury real property located at 1116 Chantilly Road, Los Angeles, CA 90077 ("Property") and the various stakeholders' attempts to recover on their claims. There are limited unsecured claims.

There are three secured obligations upon the property, once of which is CSPRF 2, LLC. Mr. Blatt is also the manager of CSPRF2, LLC. Another is Civic Real Estate Holdings III, LLC ("Civic"). The third secured creditor is Allstate Lending Group, Inc. ("Allstate Lending," one of the petitioning creditors herein and either fully or partially out of the money). Both CSPRF2, LLC and Civic have filed motions for relief from stay ("RFS") [Dks. 7 and 13]. In its Motion for RFS, CSPRF 2 alleges that the Property is worth $21 million and that Civic, the holder of the First DOT, is owed approximately $17,598,889,80 and that it, as the Second DOT secures a claim of approximately $3,376,938.77. In the Civic RFS, Civic alleges that the $21 million valuation is "over-optimistic" and that any equity it may possess may have already dissipated. Civic notes the "reduction of the listing price from $22,495,000 to $21,000,000 prior to dismissal of the chapter 11 case" and alleges that it is owed $17,888,377.58. Further, Civic points out that it "has been stymied from proceeding to foreclosure" first by the voluntary Chapter 11 and then the filing of this involuntary proceeding.

Based on the foregoing, CSPRF 2 (managed by Mr. Blatt) asserts that the First DOT and the Second DOT (held by Civic) exhaust all equity in the Property before considering the Third DOT (held by Allstate Lending) which secures an approximate $2.5 million claim. In other words, CSPRF 2 explicitly takes the position that Chantilly is insolvent, a position contrary to that of the Alleged Debtor (also managed by Mr. Blatt).

The pleadings in this case, as well as in the Chapter 11 case, are rife with allegations of self-dealing, improper conduct, and corporate ownership disputes.

## Discussion

### The Legal Standard Governing Abstention pursuant to 11 U.S.C. Section 305

Section 305 of the Bankruptcy Code grants Bankruptcy Courts significant discretion to decline exercising jurisdiction over a bankruptcy case, providing that after notice and a hearing the bankruptcy court may dismiss or suspend a bankruptcy proceeding "at any time" if "the interests of creditors and the debtor would be better served by dismissal or suspension." 11 U.S.C. § 305(a).

> As noted by the Ninth Circuit Bankruptcy Appellate Panel ("B.A.P."):
> As the statutory language and legislative history demonstrate, the test under § 305(a) is not whether dismissal would give rise to a substantial prejudice to the debtor. Nor is the test whether a balancing process favors dismissal. Rather, the test is whether both the debtor and the creditors would be 'better served" by a dismissal.

*Eastman v. Eastman (In re Eastman),* 188 B.R. 621, 625. *See also Wechsler v. Macke Int'l Trade, Inc. (In re Macke Int'l Trade, Inc.)*, 370 B.R. 236, 246 (9th Cir. B.A.P. 2007) (where the B.A.P. affirmed the dismissal of an involuntary petition pursuant to § 305(a), noting that such dismissal may be appropriate even when the involuntary petition may otherwise satisfy the requirements of Section 303).[2]

Whether "the interests of creditors and the debtor would be better served by such dismissal" requires a court to analyze the "totality of the circumstances." *In re Macke*, 370 B.R. at 247 (citing *Eastman*, 188 B.R. at 624). "Before a court may refrain from exercising jurisdiction over an otherwise proper case, it must make specific and substantiated findings that the interests of the creditors and the debtor will be better served by dismissal or suspension." *Id.*

---

[2] § 303 states in pertinent part: (b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title– (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, the undisputed claims aggregate at least $18,600 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims; (2) if there are fewer than 12 such holders, by one or more of such holders that hold in the aggregate at least $18,600. 11 U.S.C. § 303.

There exists no specific statutory reference to guide a Bankruptcy Court in its analysis; however, the Ninth Circuit has applied the following seven factors used by the B.A.P. in *Marciano*[3] to determine whether abstention is appropriate under § 305 (a) for an involuntary petition:

> (1)   the economy and efficiency of administration; (2) whether another forum is available to protect the interests of both parties or there is already a pending proceeding in state court; (3) whether federal proceedings are necessary to reach a just and equitable solution; (4) whether there is an alternative means of achieving an equitable distribution of assets; (5) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case; (6) whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and (7) the purpose for which bankruptcy jurisdiction has been sought.

*In re Marciano*, 459 B.R. 27, 46–47 (B.A.P. 9th Cir. 2011) (first citing *In re Monitor Single Lift I, Ltd.*, 381 B.R. 455, 464–65 (Bankr.S.D.N.Y.2008), then citing *In re Paper I Partners, L.P.*, 283 B.R. at 678 ("§ 305(a) Factors")).[4] Dismissal is an 'extraordinary

---

[3] The B.A.P. has also cited the District of Colorado's analysis of abstention under the four-factor test used in *In re Spade,* 258 B.R. 221 (Bankr. D. Colo. 2001). *Macke Int'l Trade, Inc.*, 370 B.R. at 247. *See also In re Spade*, 258 B.R. 221, 227-229 (Bankr. D. Colo. 2001) (finding the following four criteria relevant into the court's determination on abstention: "(1) the motivation of the parties seeking bankruptcy jurisdiction, (2) the availability of another forum, (3) the economy and efficiency of administration, and (4) prejudice to the parties."). The Court observes that the four foregoing factors are relevant to this Court's inquiry and are addressed herein.

[4] *See also In re Paper I Partners, L.P.*, 283 B.R. 661, 679 (Bankr. S.D.N.Y. 2002) (applying the broader seven factors in making their determination that there was no basis for abstention when most factors weighed in favor of a bankruptcy proceeding); *In re Selectron Mgmt. Corp.*, No. 10-75320-dte, 2010 Bankr. LEXIS 3361, at *11, *19 (E.D.N.Y. Sept. 27, 2010) (concluding that the court may dismiss a bankruptcy case sua sponte and applied the seven factors when making their determination that abstention was proper); *In re Korean Radio Broad. Inc.*, No. 19-46322-ess, 2020 Bankr. LEXIS 1170, at *30 (Bankr. E.D.N.Y. Mar. 31, 2020) (holding dismissal under §305(a) was proper when six of the seven factors weighed in favor of abstention); *In re P&G Realty Corp.*,157 B.R. 239, 242 (Bankr. W.D. Pa. Aug. 11, 1993) (holding abstention was warranted because the sole issue before the court was whether an issue of state law was correctly applied in previous litigation); *In re Compania de Alimentos Fargo, S.A.,* 376 B.R. 427, 434 (Bankr. S.D. N.Y. 2007) (holding abstention proper and underscoring the importance of judicial deference to pending foreign bankruptcy proceedings); *In re Short Hills Caters, Inc.*, No. 08-18604, 2008 Bankr. LEXIS 1726, at *16-17 (Bankr. D.N.J. June 4, 2008) (finding abstention proper and emphasizing the importance that both the creditors and debtors must benefit from the dismissal under §305(a) for abstention to be proper); *In re R&S St. Rose*, No. 10-18827-MKN, 2010 Bankr. LEXIS 6574, at *23 (Bankr. D. Nev. Oct. 29, 2010) (holding abstention proper where there is a two-party dispute and no benefit to liquidating the asset in Chapter 7).

remedy' of 'narrow breadth,' which may be utilized 'to prevent the commencement and continuation of disruptive involuntary cases.'" *In re Macke*, 370 B.R. at 247.

A decision to abstain under § 305 is subject to limited review under an abuse of discretion standard. *See Eastman*, 188 B.R. at 624; *see also In re Gabriel Techs. Corp.*, No. 13-30341, 2013 WL 5550391, at *3 (Bankr. N.D. Cal. Oct. 7, 2013).[5] The reviewing court must affirm the bankruptcy court's fact findings on any grounds fairly supported by the record unless they are illogical, implausible, or without support in the record. See *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009).[6]

### The Marciano Factors support Abstention Alleged

This is a single asset real estate case. Counsel for the Petitioning Creditors acknowledged at the hearing that Allstate Lending, the holder of the Third DOT, was likely partially or fully unsecured. Moreover, there are limited unsecured creditors and a corporate ownership dispute exists. Further, there is a pending related state court proceeding and it is clear that this case and the prior case were filed for the purposes of preventing collection activities by the holders of the First DOT and the Second DOT.[7] Other factors were extensively discussed on the record.

---

[5] Courts in the Ninth Circuit apply a two-part test to determine whether an abuse of discretion occurred. *In re Roger*, No. 6:13-BK-27611-MH, 2015 WL 7566647, at *6 (C.D. Cal. Nov. 24, 2015). In *In re Roger*, where the District Court reversed a bankruptcy court's order denying appellant's motion to abstain, the court applied a two-factor test to determine whether an abuse of discretion occurred: (1) The court considered de-novo whether the bankruptcy court applied the correct legal standard, and (2) If the bankruptcy court identified the correct legal standard, the reviewing court must determine if the bankruptcy court's application of the law was "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *In re Roger*, 2015 WL 7566647, at *6 (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009)).

[6] A reviewing court will defer to the lower court's decision under the abuse of discretion standard unless there was: "(1) reliance on an improper factor, (2) omission of a substantial factor, or (3) a clear error of judgment in weighing the correct mix of factors." *See In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 957 (9th Cir. 2009). A factual determination is clearly erroneous when it is without adequate evidentiary support or was induced by an erroneous view of law. *Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.),* 344 B.R. 94, 99 (9th Cir. B.A.P. 2006); *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 612 (9th Cir. B.A.P. 2014).

[7] At the hearing, the Court stopped short of finding that this involuntary petition was filed in bad faith, but noted that it was a close call.

The *Marciano* factors demonstrate that the interest of all creditors, including the Petitioning Creditors and the interests of the Alleged Debtor, would be better served by dismissal. Having considered and examined the totality of the circumstances against the relevant factors, this Court is of the opinion that judicial economy and efficiency would be better served by resolution of the issues underlying the ownership dispute in state court, rather than in this bankruptcy proceeding. If appropriate, the Petitioning Creditors may also seek an injunction in that state forum as well.

There is no question that these issues are based predominantly on state law issues and can be easily decided in state court. "There is no need for the federal court to resolve a matter which is grounded in state law issues currently pending in state court." *In re Spade*, 369 B.R. at 229.

Accordingly, the Court having determined that, based on the totality of the circumstances, the Court should abstain to permit all state court activity and state law remedies and state law defenses should prescribe the final outcome of the parties' disputes, which have been long in duration.

## Conclusion

For the reasons so specified herein and discussed on the record, the Court finds that the totality of the circumstances weigh in favor of this Court exercising its discretion to ABSTAIN from the proceeding, and so finds good cause to DISMISS the case.

**IT IS SO ORDERED.**

Date: July 17, 2025

Scott C. Clarkson
United States Bankruptcy Judge